J-S05027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEITH C. CHRISTIAN | : | |
| | : | |
| Appellant | : | No. 764 WDA 2022 |

Appeal from the PCRA Order Entered May 26, 2022
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002050-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEITH C. CHRISTIAN | : | |
| | : | |
| Appellant | : | No. 765 WDA 2022 |

Appeal from the PCRA Order Entered May 26, 2022
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002066-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEITH C. CHRISTIAN | : | |
| | : | |
| Appellant | : | No. 766 WDA 2022 |

Appeal from the PCRA Order Entered May 26, 2022
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002065-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  |  |  |
|---|---|---|
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| KEITH C. CHRISTIAN | : |  |
|  | : |  |
| Appellant | : | No. 767 WDA 2022 |

Appeal from the PCRA Order Entered May 26, 2022
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001732-2017

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, J.:                **FILED:  March 15, 2023**

Keith Christian appeals[1] from the order, entered in the Court of Common

Pleas of Blair County, dismissing his petition filed pursuant to the Post

_____

[1] Christian filed a PCRA petition at four trial court docket numbers: CP-07-CR-0002050-2017, CP-07-CR-0002066-2017, CP-07-CR0002065-2017, and CP-07-CR-0001732-2017.  By a single order entered on May 26, 2022, the PCRA court dismissed Christian's PCRA petition at all four trial court docket numbers.

On June 9, 2022, while still represented by counsel, Christian filed a timely, *pro se* notice of appeal at each trial court docket number.  The trial court docketed the *pro se* notices of appeal but did not transmit them to this Court.  **See** Pa.R.A.P. 905(b) (when notice of appeal is filed, clerk of courts "shall immediately transmit" copy of notice of appeal and all attachments to prothonotary of appellate court named in notice of appeal); **see also Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016) ("We thus hold that this Court is required to docket a *pro se* notice of appeal despite [a]ppellant being represented by counsel[.]").

On June 13, 2022, Christian's counsel filed four timely notices of appeal, one at each docket number, in compliance with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018).  The notices of appeal were docketed in this Court at Nos. 764, 765, 766, and 767 WDA 2022.  Even though Christian and counsel each filed notices of appeal, only the four appeals filed by counsel were docketed in this Court.  Our Court consolidated the appeals, *sua sponte*, because they are related and share a similar procedural history in the trial court.

Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Counsel has filed an **Anders**[2] brief and an application to withdraw as counsel. Upon careful review, we affirm the order of the PCRA court and grant counsel's application to withdraw.

On January 17, 2019, on the second day of a jury trial, Christian entered an open guilty plea to numerous drug- and firearms-related charges. The court ordered a presentence investigation report and deferred sentencing until April 4, 2019. At Christian's request, sentencing was continued until November 6, 2019. On August 26, 2019, Christian filed a motion to dismiss, which the trial court denied, following oral argument, on September 25, 2019.

Counsel petitioned for leave to withdraw, which the trial court granted. The court appointed new counsel, who filed a motion to withdraw Christian's guilty pleas. Following a hearing, the trial court denied that motion and proceeded to sentencing on November 6, 2019. The court sentenced Christian to an aggregate term of 10½ to 21½ years' incarceration, with credit for time served. The court deemed Christian Recidivism Risk Reduction Incentive ineligible. Christian filed timely post-sentence motions, which were denied.

---

[2] Counsel filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), apparently in the mistaken belief that an **Anders** brief is required where counsel seeks to withdraw on appeal from the denial of PCRA relief. A **Turner**/**Finley** no-merit letter, however, is the appropriate filing. **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc ). Because an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** letter. **Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

On September 15, 2020, this Court affirmed Christian's judgment of sentence. ***See Commonwealth v. Christian***, 240 A.3d 928 (Pa. Super. 2020) (Table).

On March 31, 2021, Christian filed a *pro se* PCRA petition. The PCRA court appointed counsel and granted counsel 60 days to file an amended petition. On May 7, 2021, Christian, acting *pro se*, filed an amended PCRA petition.[3] On June 28, 2021, the court held a status conference, with counsel only, and, on March 24, 2022, proceeded to a hearing on Christian's amended PCRA petition. At the hearing, Christian's counsel stated on the record the following:

> [My client and] I [] are in agreement, Your Honor, that there is one issue involved here and that is ineffective assistance of [trial] counsel for two reasons. That [trial counsel, Douglas J. Keating, Esquire,] coerced [] Christian into taking a plea and that Mr. Keating failed to notice the effect that certain medications were having on [] Christian when he entered his plea.[4]

N.T. PCRA Hearing, 3/24/22, at 2.

After the PCRA hearing, at which Christian and Attorney Keating testified, the PCRA court denied relief by order dated May 26, 2022. Christian

---

[3] It is unclear from the record why court-appointed counsel did not file an amended petition, or why the PCRA court accepted Christian's *pro se* amended petition while he was represented by counsel. However, because the PCRA court held a hearing at which the issues Christian wished to raise were addressed, we will proceed with our review.

[4] PCRA counsel also indicated that Christian had raised an issue relating to ***Alleyne v. United States***, 570 U.S. 99 (2013), in which the Supreme Court held that any fact that increases the penalty for a crime beyond the prescribed statutory minimum sentence be submitted to a jury. However, Christian was not sentenced under any mandatory minimum sentencing statutes and, thus, ***Alleyne*** is inapplicable to his case.

filed a timely notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Prior to reviewing the merits of Christian's claim, we must address counsel's motion to withdraw. Where counsel seeks to withdraw from PCRA representation, our Supreme Court has stated that independent review of the record by competent counsel is required before withdrawal is permitted. Such independent review requires proof of: (1) a "no-merit" letter by PCRA counsel detailing the nature and extent of his review; (2) a "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed; (3) PCRA counsel's explanation, in the "no-merit" letter, as to why the petitioner's issues are meritless; (4) independent review of the record by the PCRA or appellate court; and (5) agreement by the PCRA or appellate court that the petition was meritless. *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009); *Commonwealth v. Rykard*, 55 A.3d 1177, 1184 (Pa. Super. 2012).

In *Commonwealth v. Friend*, 896 A.2d 607 (Pa. Super. 2006),[5] this Court imposed an additional requirement for counsel seeking to withdraw from collateral proceedings:

> PCRA counsel who seeks to withdraw must contemporaneously serve a copy on the petitioner of counsel's application to withdraw as counsel, and must

---

[5] This Court's holding in *Friend* was subsequently overruled on other grounds by the Supreme Court in *Pitts*, *supra*. However, the additional requirement that counsel provide copies of the relevant documentation to the petitioner remains intact. *Commonwealth v. Widgins*, 29 A.3d 816, 818 (Pa. Super. 2011).

> supply to the petitioner both a copy of the "no-merit" letter and a statement advising the petitioner that, in the event that the court grants the application of counsel to withdraw, he or she has the right to proceed *pro se* or with the assistance of privately[-]retained counsel.

*Id.* at 614.

Here, counsel has substantially complied with the ***Turner***/***Finley*** and ***Friend*** requirements. Counsel has detailed the nature and extent of his review, served a copy of his petition to withdraw and brief upon Christian and informed him of his right to proceed *pro se* or with privately retained counsel,[6] raised Christian's issues in the form of a brief addressed to this Court, and explained why Christian's claims are meritless. Counsel having substantially satisfied the procedural requirements for withdrawal, we now turn to an independent review of the record to determine whether his claim merits relief.

This Court's standard of review regarding an order dismissing a PCRA petition is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. ***Commonwealth v. Burkett***, 5 A.3d 1260, 1267 (Pa. Super. 2010) (citations omitted). In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. ***Id***. The PCRA court's credibility determinations are binding on this Court where the record supports those determinations. ***Widgins***, 29 A.3d at 820.

---

[6] Christian has not raised any additional issues, either *pro se* or through private counsel.

Here, Christian claims that trial counsel provided ineffective assistance by: (1) forcing him to enter a guilty plea and (2) failing to be aware that Christian was under the influence of his medication to such a degree that he was incapable of rendering a knowing, intelligent, and voluntary plea. He is entitled to no relief.

To establish a claim of counsel's ineffectiveness, a petitioner must overcome the presumption that counsel was effective by proving "(1) that the underlying claim has merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors or omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Commonwealth v. Ousley*, 21 A.3d 1238, 1244 (Pa. Super. 2011) (citation omitted). "The failure to prove any one of the three prongs results in the failure of petitioner's claim." *Id.*

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused [A]ppellant to enter an involuntary or unknowing plea. In determining whether a guilty plea was entered knowingly and intelligently, a reviewing court must review all of the circumstances surrounding the entry of that plea.

*Commonwealth v. Mitchell*, 105 A.3d 1257, 1272 (Pa. 2014) (citations omitted).

To be valid, a guilty plea must be entered knowingly, voluntarily, and intelligently. *Commonwealth v. Kpou*, 153 A.3d 1020, 1023 (Pa. Super. 2016). "Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of

proving otherwise." ***Commonwealth v. Jabbie***, 200 A.3d 500, 505 (Pa. Super. 2018). Where a defendant affirms on the record at the plea colloquy hearing that he is satisfied with his attorney's services in connection with his plea, the defendant is then precluded from contradicting himself in collateral proceedings and claiming he was coerced by counsel into pleading guilty. ***See Commonwealth v. Muhammad***, 794 A.2d 378, 384 (Pa. Super. 2002), citing ***Commonwealth v. Barnes***, 687 A.2d 1163, 1167 (Pa. Super. 1996); ***see also Commonwealth v. Pier***, 182 A.3d 476, 480 (Pa. Super. 2018) ("A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.").

During a plea colloquy, a trial court is required to elicit the defendant's understanding of six areas to ensure that the defendant comprehends the full impact and consequences of his plea: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) the right to a trial by jury; (4) the presumption of innocence; (5) the permissible range of sentences; and (6) the court's power to depart from any recommended sentence. ***See*** Pa.R.Crim.P. 590, comment. ***See also Kpou***, 153 A.3d at 1023. A written colloquy signed by the defendant may supplement an oral colloquy as long as there is some on-the-record examination of the defendant. ***See*** Pa.R.Crim.P. 590, comment.

Here, prior to the entry of his plea, the trial court engaged in a lengthy colloquy with Christian as follows:

[BY THE COURT] Mr. Christian, it is my understanding that you want to enter a guilty plea to all counts of the criminal information at CR 1732, 2050, 2065 and 2066 of 2017; is that correct?

A. Yes, sir.

Q. And it is my understanding that also it will be an open plea which simply means sentencing will be solely within the discretion of this judge?

A. Yes, sir.

Q. Is that your understanding as well?

A. Yes, sir.

Q. Did you fill out and complete a guilty plea colloquy form?

A. Yes, sir.

Q. Did you sign and date the bottom of each page?

A. Yes, sir.

Q. Did you review these questions with Attorney Keating?

A. Yes, sir.

Q. Do you have any question about any of the information set forth within the colloquy?

A. No.

Q. But I would like to talk to you after you have done that.

Q. In the colloquy of course it sets forth 40[-]some questions [about] each of the criminal charges to which you are pleading guilty and the maximum sentences for each of those criminal charges were set forth in the colloquy; is that correct?

A. Yes, sir.

Q. And, again, Mr. Christian, then do you have any question about any of the information set forth in the colloquy?

A. No, sir.

Q. Are you pleading guilty to each of these counts knowingly, intelligently and voluntarily?

A. Yes, sir.

Q. **Has Attorney Keating or any third party in any way forced you or pressured you or coerced you in any way to enter a guilty plea to these charges**?

A. **No, sir**.

Q. **You are doing that of your own free will**?

A. **Yes, sir**.

Q. And, Mr. Christian, do you understand that we were well into the jury trial for these cases; do you understand that?

A. Yes, sir.

Q. And by pleading guilty[,] then[,] you are giving up your right to continue the jury trial, finish the jury trial, and put the decision into the hands of the jurors; do you understand that?

A. Yes, sir.

Q. And, are you willing to do that?

A. Yes, sir.

. . .

Q. Mr. Christian, I will ask you again, are you in any way under the influence of any drug, alcohol or medication here this morning?

A. I am.

Q. Do you take medication?

A. Yes, sir.

Q. Is that medication prescribed for you?

A. Yes, sir.

Q. What was the nature of that medication?

A. For my post-traumatic stress disorder and my depression and anxiety.

Q. Okay. Is it three separate medications or is it one medication?

A. Three separate medications.

Q. Mr. Christian, did you take that medication today?

A. This morning, sir.

Q. This morning. You took all three of those medications?

A. [] I took two last night and two this morning.

Q. Can you identify those medications for us; if you know?

A. Seroquel, two hundred milligrams, Celexa, 50 milligrams, and Clonidine, two milligrams.

Q. Mr. Christian, you took those medications then as prescribed for you; is that correct?

A. Only as prescribed, sir.

Q. Only as prescribed. **And the fact that you took those medications last night or this morning, does that affect your ability to understand what is going on here today**?

A. **It helps me to deal with what is going on in my mind right now, you know**.

Q. **Have you fully understood all the questions that I have asked so far**?

A. **I understand that, yes**.

. . .

Q. Mr. Christian, let me ask you this. In the colloquy[,] each count which you pled guilty to is set forth. Do you understand each of the counts for which you were charged for which you were pleading guilty?

A. Yes, sir.

Q. And you understand the elements of those particular charges?

A. Yes, sir.

- 11 -

Q. And did you review those charges and[,] again[,] the elements and the maximum sentences with Attorney Keating?

A. Yes, sir.

Q. Do you have any question yourself as to exactly which charges or the nature of those charges to which you are pleading guilty?

A. No.

N.T. Jury Trial/Guilty Plea, 1/17/19, at 70-74, 81 (unnecessary capitalization omitted; emphasis added).

As the trial court noted in its oral colloquy, Christian also completed, with the aid of Attorney Keating, a written colloquy in which Christian affirmed his understanding of, *inter alia*, the nature of the charges to which he is pleading guilty, the presumption of innocence, the permissible range of sentences, and the court's power to depart from any recommended sentence. ***See*** Written Plea Colloquy, 1/17/19; ***see also*** Pa.R.Crim.P. 590, comment. In the written colloquy, Christian also confirmed that he was satisfied with Attorney Keating's representation, had sufficient time to discuss with him the pros and cons of entering a plea, had not been threatened or forced into entering a plea, and that no promises had been made to him in connection with his plea. ***See*** Written Plea Colloquy, 1/17/19. Finally, Christian affirmed that, although he had consumed medication the previous night and earlier that morning, he had sufficient mental capacity to understand the written colloquy and his answers in response thereto. ***See id.***

At the PCRA hearing, Attorney Keating, whose testimony the PCRA court found credible,[7] *see* PCRA Court Opinion, 5/26/22, at 16, testified that, at the time Christian decided to plead guilty, the Commonwealth was about to present firearm evidence that was "very damaging" to Christian. N.T. PCRA Hearing, 3/24/22, at 28. Attorney Keating "felt that was going to be a big problem in this case for [his] client." *Id.* In discussing with Christian the possibility of taking a plea, Attorney Keating told him "I'm not promising you what you're going to get" as far as a sentence was concerned, but that Christian should seriously consider entering a plea. *Id.* at 29. Attorney Keating further testified that, in regularly consulting with Christian throughout trial, "he was able to clearly answer[,] and quickly[,] too[,] every question I had." *Id.* at 30. Christian was "assisting himself and assisting [counsel] in defending him." *Id.* Attorney Keating testified that, on the day of his plea, Christian was "alert and outgoing and loquacious as he always has been in any conversation I had with him that day. He was on the ball. I had no question about his mental capabilities." *Id.* at 31.

Moreover, "there was never a time when [Christian] said to [Attorney Keating], you know, I'm having an anxiety attack, I'm having a mental health episode or any language that would indicate [that] he was ["]stressing out[,"] so to speak[,] or he was incapable of understanding[.]" *Id.* at 32. Attorney

---

[7] Attorney Keating testified that he had been practicing criminal law for 31 years. *See* N.T. PCRA Hearing, at 25.

Keating believed that Christian's plea was "absolutely" knowing, voluntary, and intelligent. *Id.* at 33. Attorney Keating testified:

> I have no question about that based on my prior conversations with this man, that he was not under the influence of anything, that he clearly understood he was entering an open plea, that the sentence was up to the [j]udge. He was going to argue at sentencing or I was going to argue for him that he was taking responsibility and accountability. If I remember it[,] I believe we had even talked about some possible people who could put in some good words for him at sentencing, like a pastor who was assisting him who was a friend of his or he had communicated with[.]

*Id.*

It is apparent from the record that Christian's guilty plea was knowingly, intelligently, and voluntarily entered, and that he was in full possession of his mental faculties at the time. The PCRA court's determination is supported by evidence of record and is free of legal error. *Burkett*, *supra.* Accordingly, we affirm.

Order affirmed. Application to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2023